## RICHARDS vs. KOENIG and another.

*Deed of water power, etc., construed.*

X, deeded to Y. certain lands near a dam, with mills thereon, and also " eight hundred inches of water for the use of" said mills, "and for any other use, to be taken from the race conducting the water from said dam to said mills, if drawn from the bottom of said race, or more if taken out at any distance between the top and bottom; provided that as much and no more water may [might] be drawn than would be discharged through an aperture of eight hundred square inches at the bottom of said race; also one-half of said dam, with the privilege of maintaining the same, and of erecting another in lieu thereof, according to" a certain charter, "with all the privileges thereunto appertaining in said proportion." By a subsequent clause in the deed it is " provided further, that the right of drawing three hundred of said eight hundred inches of water shall cease when the head is drawn down to six and a half feet." The deed further states: " The follow-

ing are the privileges and conditions of drawing the said water, and of drawing water from said pond, mutually agreed upon by the parties thereto: First. The said X., his heirs and assigns, have the privilege of drawing five hundred inches of water at all times and for any purpose. Second. The said Y., his heirs and assigns, have the privilege of drawing the said eight hundred inches of water hereby conveyed to him for any purpose, and five hundred thereof at all times, and the remaining three hundred only when there shall be at least six and a half feet head of water in said dam and mill pond. Third. The said X., his heirs and assigns, shall have the privilege of drawing three hundred inches of water when there shall be at least six and a half feet of water in said mill pond (and for the purpose of defining each party's interest in said dam, and their respective obligations to keep the same in repair, the whole number of inches of water in said river are called sixteen hundred); and it is understood that there shall not be any surplus water until there shall be at least six and a half feet head." *Held*, that under this deed X. and Y. became tenants in common in the whole dam and water power, with a right to use one half of the water flowing in the river when the head is above six and a half feet, however much that half may exceed eight hundred square inches.

APPEAL from the Circuit Court for *Jefferson* County.

The defendants appealed from a judgment of said court, by which it was adjudged, among other things, as follows: That the claim made by the defendants in their answer, that they are the owners of one half of the water raised by the dam therein mentioned, is not the correct construction of the deed described in the complaint; that, under said deed, defendants are only entitled to draw so much water as would be discharged through an aperture of five hundred square inches, at the bottom of the race described in the deed, for the use of their mill, or for any other use, whenever the head of water raised by the dam described in said deed is below six and one half feet; and, when the head is above that height, in like manner to draw only so much water from said race as would be discharged through an aperture of eight hundred square inches; and that plaintiff is entitled to use the same quantity of water as the defendants when the head of water at said dam is

at or below six and one half feet in height; and whenever the head is above that height, the use of all the surplus water belongs to the plaintiff.

The language of the deed, upon which the respective rights of the parties depend, is recited in the opinion.

*Enos & Hall*, for appellants.

*Skinner & Saunders*, for respondent.

Cole, J. This is an action under chapter 272, Laws of 1861, for the appointment of commissioners to make partition of a water power, and to determine the rights of the parties therein, and also to regulate the manner of using the water according to the rights of the respective parties. There is no controversy about the right to have the manner of using the water fixed and determined under this law; the only point of difference being as to the proper construction of a deed under which the defendants claim. This deed was executed by the plaintiff and wife and Luther A. Cole and wife, on the 10th day of October, 1865. By this deed, in consideration of $15,000, the plaintiff and Cole conveyed to the defendants two parcels of land in the city of Watertown, fully describing them by metes and bounds, and "also eight hundred inches of water for the use of the grist and flouring mill on the said premises, and for any other use, to be taken from the race or canal conducting the water from said dam to said mill, if drawn from the bottom of said race or canal, or more, if taken out of the top or at any distance between the top and bottom thereof; provided, that as much and no more water may be drawn than would be discharged through an aperture of the area of eight hundred square inches at the bottom of said race or canal. Also one half of said dam, with the privilege of maintaining the same and of erecting another in lieu thereof, according to" a charter, "with all the privileges thereunto appertaining in said proportion." By a subsequent clause in the deed, it is "provided further, that the

right of drawing three hundred inches of said eight hundred inches of water shall cease when the head is drawn down to six and a half feet head, as used in this instrument, meaning the difference between the surface of the water in the mill pond above said dam and that of the water at the foot of said dam." The deed further contains this language : "The following are the privileges and conditions of drawing the said water and of drawing water from said pond, mutually agreed upon by the parties hereto : First. The said *John Richards*, his heirs and assigns, have the privilege of drawing five hundred inches of water at all times and for any purpose. Second. The said parties of the second part, their heirs and assigns, have the privilege of drawing the said eight hundred inches of water hereby conveyed to them, for any purpose, and five hundred of said eight hundred inches at all times, and the remaining three hundred inches of said eight hundred inches only when there shall be at least six and a half feet head of water in said dam and mill pond. Third. The said *John Richards*, his heirs and assigns, shall have the privilege of drawing three hundred inches of water when there shall be at least six and a half feet head of water in said mill pond (and for the purpose of defining each party's interest in said dam, and their respective obligations to keep the same in repair, the whole number of inches of water in said river are called sixteen hundred) ; and it is understood that there shall not be any surplus water until there shall be at least six and a half feet head."

Now the question arising upon these clauses in the deed is, What do the grantees take under them? Are they tenants in common with the plaintiff in the whole dam and water power, having the right to use one half of the water flowing in the river when the head is above six and a half feet, though that half should far exceed what would be discharged through an aperture of an area of eight hundred square inches at the bottom of the

race? Or are they limited to the eight hundred inches, although the quantity of water flowing in the river may largely exceed twice that number of inches drawn as specified, when the head is more than six and a half feet? The counsel for the defendants contends that the interest conveyed by the deed is a moiety of the whole dam and water power, "with all the privileges thereunto appertaining in said proportion;" and that consequently they are tenants in common with the plaintiff in the same, with equal rights. Looking at the whole deed, we are inclined to adopt this interpretation of the instrument as being the correct and proper one to be placed upon it. From the clauses in the deed above quoted, it will be seen that the deed, in most clear and apt words, conveys land upon which there was a grist and flouring mill, and one half of the dam, with all the privileges thereunto appertaining in said proportion. This was the main subject-matter of the grant. And a conveyance of the mills and the land upon which they are situated, with one-half of the dam and all privileges thereto appertaining, clearly, we think, grants the right to use one-half of the water. It is claimed, however, on the other hand, in opposition to this construction, that the general words of the grant are qualified by the other clauses in the deed, which limit the defendants to eight hundred inches drawn through the specified aperture as low as the surface of the river below the dam. But it appears to us that this is not a proper interpretation of the object and effect of those clauses. They were not intended to restrict the general grant of one half of the dam and water power. But for the purpose of defining each party's interest in the dam, and their respective obligations to keep the same in repair, the entire volume of water flowing in the river is assumed and estimated as being sixteen hundred inches. The deed, in fact, so states in explicit terms. On this hypothesis as to the quantity of water flowing in the river, a division was

made equally between the plaintiff and defendants. When the head was below six and a half feet, each party was to have the right to draw five hundred inches at all times and for any purpose; and when the head was above that, then each party had the privilege of drawing the additional three hundred inches, or to share and enjoy equally the surplus. This, we think, is what those clauses mean, and that they were not intended to limit, and do not in fact limit and restrict, the general words of the grant. The commissioners, therefore, will make partition of the water between the respective parties according to their rights in the water power, and determine and regulate the manner of using and preserving the same.

*By the Court.* — Ordered that the judgment of the circuit court be so modified as to conform to this decision, and that the cause be remanded for further proceedings.